**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen Murry MITCHELL,**
**Defendant–Appellant.**

No. 01–6021.

United States Court of Appeals,
Sixth Circuit.

Oct. 21, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

This federal prisoner, proceeding without the benefit of counsel, appeals his judgment of conviction and sentence. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury found Stephen Murry Mitchell guilty of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). The district court sentenced Mitchell in accordance with the Armed Career Criminal Act, 18 U.S.C. § 924(e), to 250 months of imprisonment and three years of supervised release. Mitchell af-

firmatively expressed his desire to appeal without the benefit of counsel.

On appeal, Mitchell appears to contend that: 1) insufficient evidence supports his conviction; 2) the search of his car's trunk and the seizure of the ammunition violate his Fourth Amendment rights; and 3) his trial and conviction violate his First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights.

This court reviews de novo the sufficiency of the evidence to support a conviction. *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir.1999). The court must review the record in the light most favorable to the prosecution and grant relief only if no rational jury could have found guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Abner*, 35 F.3d 251, 253 (6th Cir.1994).

■ To convict Mitchell under § 922(g), the following three elements must be proved: 1) the defendant had a previous felony conviction; 2) the defendant possessed ammunition; and 3) the ammunition had traveled in or affected interstate commerce. *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir.1998); *United States v. Moreno*, 933 F.2d 362, 372 n. 1 (6th Cir.1991). The only disputed issue in this case is whether Mitchell did in fact possess the ammunition found in the trunk of his car.

Possession may be either actual or constructive to satisfy the possession element of § 922(g)(1). *Moreno*, 933 F.2d at 372–73. "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Kincaide*, 145 F.3d at 782 (*quoting United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir.1973)). This circuit has consistently held that con-

structive possession of an object exists when a person has dominion and control over the premises where that object is located. *United States v. Layne*, 192 F.3d 556, 572 (6th Cir.1999); *Kincaide*, 145 F.3d at 782; *United States v. Clemis*, 11 F.3d 597, 601 (6th Cir.1993). In light of this broad notion of possession, there is little doubt that, viewing the evidence in the light most favorable to the government, there was enough evidence for a rational trier of fact to find Mitchell guilty of possession of ammunition in violation of § 922(g)(1).

Mitchell was a suspect in a series of nine bank robberies committed in Memphis, Tennessee. After compiling significant evidence against Mitchell, FBI agents sought and obtained an order from the United States District Court in Memphis permitting them to surreptitiously install an electronic tracking device in the trunk of Mitchell's car. The agents planned to spot Mitchell driving illegally, arrest him for driving without a license, tow his car to an impound lot, place the tracking device on the car, and return the car to Mitchell. While installing the tracking device, the agents found thirteen (13) rounds of pistol ammunition inside a rolled-up sock. Thus, when viewed in the light most favorable to the government, the evidence is sufficient to support Mitchell's conviction for possessing ammunition. The ammunition was found in the vehicle Mitchell alone controlled. Thus, Mitchell had the power and the intention at a given time to exercise dominion and control over any object in his car's trunk.

■ Mitchell's second argument is meritless. He contends that the search of his car's trunk and the seizure of the ammunition violate his Fourth Amendment rights. Absent a warrant, a law enforcement operative may lawfully stop a moving vehicle in

at least two circumstances: 1) when he or she has probable cause to conclude that a vehicular infraction or other criminal violation involving the automobile or its occupants has occurred or is occurring, *Whren v. United States*, 517 U.S. 806, 811–13, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); and/or 2) when he or she has a reasonable, articulable suspicion that criminal activity is afoot involving the vehicle, which, standing alone, warrants a brief investigative detention, *Illinois v. Wardlow*, 528 U.S. 119, 123–26, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). The existence of probable cause or reasonable suspicion on a particular set of facts poses a de novo legal issue. *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *United States v. Martin*, 289 F.3d 392, 396 (6th Cir.2002).

If law enforcement agents had probable cause to stop the car, no matter what their true motive, the stop was constitutional. *Whren*, 517 U.S. at 814–16, 116 S.Ct. 1769; *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir.1993). An officer who observes a traffic violation has probable cause to stop the car involved. *Ferguson*, 8 F.3d at 391. The law enforcement agents who stopped Mitchell had the necessary probable cause because they knew that Mitchell did not have a valid driver's license.

It is well-established that law enforcement officers may make a warrantless search of a legitimately seized vehicle provided the inventory is conducted according to standardized criteria or established routine. *Colorado v. Bertine*, 479 U.S. 367, 374 n. 6, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); *South Dakota v. Opperman*, 428 U.S. 364, 372, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The fact that law enforcement agents were implanting a tracking device pursuant to a federal court order does not render their inventory search invalid. *United States v. Lumpkin*, 159

F.3d 983, 987 (6th Cir.1998). Thus, Mitchell's second appellate argument is not well-taken.

Mitchell's third appellate argument is meritless. Mitchell contends that his trial and conviction violate his First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights. Mitchell also appears to contend that his conviction was obtained by some sort of fraud or conspiracy by the district court, the defendant's six defense attorneys, the FBI agents, the prosecutor, the clerk of court, and the grand jury foreman. To the extent that one might decipher some legitimate legal principle from Mitchell's brief, the legal principle's application is not supported by the record.

Accordingly, we hereby affirm the district court's judgment.